OPINION OF THE COURT
Anthony J. Mercorella, J.
At issue here is whether or not the court should appoint a conservator following the termination of a medical malpractice action wherein the infant plaintiff after trial and preappeal procedures will be receiving the sum of $1,600,000. There is no dispute the child is hopelessly and irreversibly retarded and otherwise multiply handicapped by virtue of other physical and medical injuries sustained.
It is urged by petitioner that conservatorship proceedings are unnecessary and that this disposition of the funds should be treated in the usual manner of simply directing establishment of a guardianship account requiring investment in a depository yielding the highest rate of interest which according to present indications would be in the area of $200,000 per annum, and which could be used for the sole benefit of the infant herein subject to further order of this court.
Apart from the fact that Mr. Justice Cerbone in his order of compromise has directed the commencement of a conservatorship proceeding there appear to be other rather substantial reasons why this court should provide for the appointment of a conservator or coconservators.
The usual guardianship procedure would be contraindicated since, concededly, plaintiff upon reaching his legal *1079 majority will not be able to care for himself or his property, thus conservatorship is vital as it would, among other things, provide the proper vigilance to insure maximum protection of the rights and interests of the plaintiff. The court is mindful of the monitoring of investments and expenditures by the requirement of reporting and accounting, both subject to review by Appellate Division referees.
The trial record herein sufficiently enables the court to dispense with the attendance of the plaintiff, similarly additional medical proof is obviated by the abundance of medical testimony at the trial. The guardian ad litem concurs with petitioner that there are no factual issues to be determined herein other than the question of the identity of the person to be appointed as conservator.
The petitioner seeking to be appointed is the mother of the plaintiff, the proposed conservatee. She is not fluent in the English language. She is 46 years of age, has never been married and has had another child, a daughter 28 years of age. The father abandoned her and the infant herein shortly after his birth and is believed to be in Puerto Rico. Petitioner resides with the infant, an uncle 86 years of age and a brother in a five-room apartment. She has been unemployed since her son was born in 1973 and her primary source of income to date has been supplemental security income in the sum of $275 monthly. Thus, petitioner does not appear to have had any experience in managing large sums of money. Considering the sizeable amount of money involved herein and faced with the overriding importance of protecting the rights and interests of the proposed conservatee from inefficient or improper management the court cannot agree that petitioner alone is in the “best position to insure that her son’s needs will be met and that his assests [sic] would be preserved.” While acknowledging that petitioner is the person “most interested in the personal and financial well being of the proposed Conservatee” yet the assistance of some other person having the requisite business or financial acumen would more readily achieve that end. Hence this large sum of money would not only be preserved but may be prudently invested so as to reasonably anticipate future economic conditions and prospective needs of the conservatee.
*1080 Accordingly, the court finds after a hearing on the record that Samuel Ramos, Jr., has suffered substantial impairment of his ability to care for his property or to provide for himself. That Olga Rodriquez is appointed coconservator together with such other person as may be designated in the order to be submitted.
All of the conservatee’s assets and income will be placed under their joint conservatorships for an indefinite period of time. The compensation of the conservatorship, if not waived, shall be the same as that provided pursuant to section 78.21 of the Mental Hygiene Law. Counsel is directed to embody the proposed plan for the care and maintenance of the conservatee in the order to be submitted together with the affidavit of services of the guardian ad litem.