OPINION OF THE COURT
Ernest L. Signorelli, S.
During the pendency of a proceeding to judicially settle a cause of action arising out of the circumstances resulting in the death of Lucy Mae Combs, the court was made aware that Walter Combs, a son of the decedent, may be under a disability and, accordingly, a guardian ad litem was appointed to protect his interests. Subsequent to the interposing of objections by his guardian ad litem, this court, by decision dated October 4, 1983, approved a petition to compromise the litigation wherein Walter Combs will receive the approximate sum of $15,000. In light of his alleged disability, however, the court directed that a proceeding be commenced for the appointment of a conservator for the property of Walter Combs.
As a result thereof, there has been received a petition by the sister of Walter Combs for her appointment as conservator of her brother’s property and on January 30, 1984, a hearing was held upon the application.
Walter Combs, age 43 and never married, has been a deaf mute since birth. He is illiterate, without formal education, and unable to communicate in sign language. For the past 20 years, Walter has resided on the premises of a country club where he subsists on tips earned by performing odd jobs for the management and patrons. Over *632 the years, he has devised his own form of sign language with which he has rudimentary communication with a few employees of the club.
Although Walter is able to handle coins and small bills, and transacts his own meager purchases in local markets, he is totally dependent upon the merchants’ integrity in tendering the proper payment and in receiving change. Until his mother’s death in 1981, it was she who supplied him with clothing and necessaries. Since her death, Walter’s sister, the petitioner, has voluntarily assumed these duties. Although his father lives in close proximity of the club and receives Walter’s monthly Social Security benefits, he has limited contact with his son and in fact his visits are disruptive to Walter. Inasmuch as the petitioner has no indication of the father’s application of Walter’s benefits, she proposes, upon her appointment, to marshal these moneys for his use.
Petitioner, in support of her application, has proffered an affidavit of an audiologist and a physician which state that the proposed conservatee is a deaf mute, unable to communicate by sign language and is, accordingly, unable to handle his financial affairs. Although petitioner makes no allegation that Walter is uneducable or retarded, she alleges that the nature of the proposed conservatee’s disability is his functional illiteracy stemming from his deaf mute status.
Although a conservatorship traditionally has been the vehicle to care for the property of a person who is incapacitated by virtue of advanced age, it has been expanded as a vehicle to care for the property of mentally retarded persons who have been recipients of large money awards. (Matter of Ramos, 111 Misc 2d 1078.) While the issues herein raise a case of first impression in this State, there is authority in other jurisdictions. In Matter of Perrine (41 NJ Eq 409), a guardianship proceeding, the court determined that it was not necessary that a person be “an idiot or a lunatic” in order to warrant the appointment of a guardian. It stated “It is enough from any cause whether by age, disease, affliction or intemperance he has become incapable of managing his own affairs”. Moreover, in Matter of Malnick (180 Neb 748), a fiduciary was appointed for a *633 woman who was unable to read, write, understand and speak English, inasmuch as the court found that due to her illiteracy, she was unable to manage her own property without assistance.
In the instant proceeding, it is concluded that Walter Combs, by reason of his functional illiteracy, has suffered substantial impairment of his ability to provide for himself and care for his property and that there exists a present need for the appointment of a conservator. The court does, however, find it difficult to accept the premise of one witness that Walter Combs is a “happy go lucky guy”. The proposition that a handicapped individual, who for lack of education and training, must be relegated to a world not only of silence but of isolation from all those elements which, in toto, distinguish the human existence from that of an animal, is repugnant and unacceptable. A dual purpose, therefore, of this conservatorship must be to achieve for Walter Combs a meaningful, independent existence for the remainder of his life; for until such time as he is able to speak for himself, it may not be assumed that his ignorance is bliss. The conservator is, accordingly, directed, upon receipt of this decision, to undertake to have Walter Combs evaluated for the purpose of educating him in the sign language for the deaf and to receive a formal education.
A conference shall be held on April 6, 1984, at the Surrogate’s Court, New York State Office Building, Room 3B-44, Veterans Memorial Highway, Hauppauge, New York, at 9:30 A.M., at which time the conservator is directed to appear and render written evaluations and a report on the conservatee’s status.